# J. D. Dunning

## *v.*

# C. B. Mauzy.

Landlord and tenant—*permission to surrender lease—given without consideration—may be revoked before acted upon.* . A mere license given by a landlord to his tenant, to surrender the lease, where there is no consideration for such permission, may be revoked by the landlord at any time before it has been acted upon.

Appeal from the Circuit Court of Kane county; the Hon. Isaac G. Wilson, Judge, presiding.

The opinion states the case.

Mr. S. A. Brown, for the appellant.

Messrs. Metzner & Allen, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of covenant, brought by Dunning against Mauzy, for the recovery of rent. The parties were both sworn, and the jury found a verdict for the defendant, upon which the court rendered judgment and the plaintiff appealed.

It appears the plaintiff leased the premises to the defendant for two years, and the latter occupied them for about sixteen months, and then left. The plaintiff testifies that he told the defendant, before the expiration of the second year, he might leave at any time, if he could get a good tenant to take his place. The defendant swears that the plaintiff told him he might leave at any time, without this or any other qualification, but admits that before he did leave, the plaintiff revoked this permission. In this state of the evidence, the court gave the jury the following instruction, among others, for the defendant:

" If the jury believe from the evidence, that it was agreed between the plaintiff and the defendant, after the execution of said lease, that the defendant would give up said premises to the plaintiff at any time when said defendant desired, and that in pursuance of said agreement the defendant did give up said premises to the plaintiff, and paid all rents due up to that time, then and in that case the plaintiff is not entitled to recover any rent for said premises after such given up possession."

The jury would undoubtedly understand this instruction as meaning, that if the defendant left the premises after a verbal permission on the part of the plaintiff that he might do so, and had paid the rent due up to the time of leaving, he would not be liable for rent for the residue of the term, without reference to the question whether such permission had been

47—49TH ILL.

withdrawn before the defendant acted upon it. Understood in this sense, the instruction would not be the law.

Admitting that the plaintiff had told the defendant he might leave when he pleased, without condition or qualification, it is not pretended there was any consideration for such permission. It was a mere license, without consideration, and the plaintiff had the right to revoke it at any time before the defendant acted upon it. If the defendant had left before it was revoked, or if he had hired other premises, on the faith of such license, a different question would be presented. But nothing of this kind is shown in the evidence, nor is there any such qualification in the instruction.

For the error in this instruction, and because the evidence of the defendant himself shows a mere permission to leave, given without consideration, and revoked before it was acted upon, the judgment must be reversed.

*Judgment reversed.*